[958 NYS2d 618]

## In the Matter of DAVID M. GREEN, an Attorney, Resignor.

Second Department, February 6, 2013

**APPEARANCES OF COUNSEL**

*Robert A. Green,* Hauppauge (*Robert H. Cabble* of counsel), for the Grievance Committee for the Tenth Judicial District.

*Speiser & Heinzmann,* White Plains (*Joseph C. Heinzmann, Jr.,* of counsel), for resignor.

**OPINION OF THE COURT**

Per Curiam.

David M. Green has submitted an affidavit dated September 21, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Green was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 18, 1989.

Mr. Green is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) emanating from allegations that he induced a certain client to mortgage certain real property and give the proceeds to him, under false pretenses, after which he misappropriated the proceeds. Additionally, it was alleged that Mr. Green arranged for another mortgage to be placed on that client's property, without his knowledge or consent, and that Mr. Green misappropriated the proceeds of that mortgage. He acknowledges that he cannot successfully defend himself on the merits against charges predicated upon the foregoing.

Mr. Green acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years. He is aware that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He is further aware of the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that Mr. Green's resignation be accepted.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Green is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the resignation of David M. Green is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David M. Green is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David M. Green shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David M. Green is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if David M. Green has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).